# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# EASTERN DIVISION

JEREMY HAWKINS
ADC #129150                                                                    PETITIONER

VS.                          CASE NO. 2:17-CV-00084-JM-BD

STATE OF ARKANSAS                                                              RESPONDENT

## RECOMMENDED DISPOSITION

**I.    Procedure for Filing Objections**:

This Recommended Disposition ("Recommendation") has been sent to Judge James M. Moody, Jr. Mr. Hawkins may file written objections to this Recommendation. Objections must be specific and must include the factual or legal basis for the objection. To be considered, objections must be received in the office of the United States District Court Clerk within fourteen (14) days of this Recommendation.

If no objections are filed, Judge Moody can adopt this Recommendation without independently reviewing the record. By not objecting, Mr. Hawkins may also waive any right to appeal questions of fact.

**II.   Discussion**

On May 17, 2017, Petitioner Jeremy Hawkins filed a *pro se* pleading initiating this lawsuit. He styled his initial pleading as a Motion for Intervention under 28 U.S.C. § 2403(b), but it was docketed as petition for a writ of habeas corpus under 28 U.S.C. § 2254. (Docket entry #1)

In an order dated May 24, 2017, the Court notified Mr. Hawkins that his case could not proceed without further action on his part. (#2) First, he had not filed a motion to proceed *in forma pauperis* or paid the filing fee. Second, and more importantly, his petition failed to state a basis for federal habeas corpus relief, and it was unclear whether there was any basis for federal jurisdiction. (#2)

Rather than recommending dismissal, however, the Court gave Mr. Hawkins thirty days to address the filing fee requirement and to file an amended petition or complaint. In his amended pleading, Mr. Hawkins was required to state the purpose of his lawsuit and to clarify whether he intended to challenge either a conviction or his current custody. If challenging a conviction, he was ordered to identify the conviction and explain the circumstances of his allegedly wrongful conviction or custody. The Court cautioned Mr. Hawkins that failure to comply with the order would result in dismissal of this action under Local Rule 5.5(c)(2) and the Federal Rules of Civil Procedure. (#2)

Mr. Hawkins filed an application to proceed *in forma pauperis*. (#3) He has not filed any papers, however, to address the deficiencies in his petition as required by the Court's order.

The Court is hesitant to recommend dismissal of a habeas petition based solely on a failure to comply with local rules because of the strict limitations applicable to habeas corpus petitions. In this case, however, Mr. Hawkins apparently does not wish to challenge either a conviction or his current custody. Instead, he generally complains about various state rules of criminal procedure.

After carefully considering Mr. Hawkins's pleadings, the Court concludes that the pending lawsuit should not be construed as a habeas corpus petition. Furthermore, Mr. Hawkins does not have standing to challenge the constitutionality of Arkansas laws that allegedly violate "the rights of the people." (#1, p. 3) To have standing, Mr. Hawkins would have to explain how a challenged law had unfairly affected him. As written his pleadings fail to state a federal claim for relief.

### III. Conclusion

For the reasons set forth above, the Court recommends that this lawsuit be dismissed, without prejudice, under Local Rule 5.5(c)(2), for failure to comply with the Court's May 24, 2017 Order. His petition to proceed *in forma pauperis* should be denied, as moot.

DATED this 27th day of June, 2017.

_____
UNITED STATES MAGISTRATE JUDGE